United States District Court
District of Massachusetts

```
_____
                              )
BONNIE ALIBERTI and WILLIAM    )
ALIBERTI,                      )
        Plaintiffs,            )
                              )   Civil Action No.
        v.                     )   11-10174-NMG
                              )
GMAC MORTGAGE, LLC,            )
        Defendant.             )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

William Aliberti and his wife Bonnie Aliberti ("the Alibertis") bring suit against defendant GMAC Mortgage, LLC ("GMAC") for various counts related to the modification of two loans secured by a mortgage on plaintiffs' residence, located at 531-537 Lowell Street, Lawrence, Massachusetts ("the Property").

## I. Background

### A. Factual Background

In June, 2006, plaintiffs refinanced with Mortgage Lenders Network USA, Inc. ("MLN") two loans secured by a mortgage on the Property in the total principal amount of $450,000 ($360,000 at a fixed rate of 8.4% for two years and an adjustable rate for 28 years thereafter and $90,000 at a fixed rate of 11.6% for 20 years). MLN assigned its interest in the loans to two third-parties which then reassigned their interests to GMAC.

In 2008, the Alibertis began "having difficulty" making payments and defaulted under the terms of the notes. In January, 2010, the Alibertis and GMAC entered into an oral modification agreement for a two-month trial period while the parties continued working "to permanently modify" the loans. In June, 2010, GMAC notified the Alibertis that the modification agreement was denied because of "insufficient income" but that the account was being further reviewed for another "workout" option. Later that month, GMAC and the Alibertis entered into a Repayment Agreement which required the borrowers to make three monthly payments of $2,960 each in exchange for suspension of foreclosure activity.

The Alibertis returned the documentation and made three timely payments according to the Repayment Agreement. As a result, on October 6, 2010, GMAC approved the plaintiffs' request for a permanent modification subject to certain conditions, including that the Alibertis return the signed loan modification agreement no later than October 13, 2010.

The Alibertis apparently received the letter and loan documents on October 14, 2010, when they returned from a vacation. Four days later, they called GMAC and spoke with a representative who informed them "to get the document in as soon as possible". The Alibertis signed and mailed the document which was received by GMAC on October 29, 2010. GMAC subsequently

denied the Alibertis' loan modification request because the signed documents had not been received by the required date.

**B. Procedural History**

On January 6, 2011, the day before the scheduled foreclosure sale of the Property, plaintiffs filed suit in the Massachusetts Superior Court for Essex County. The Complaint alleges breach of contract (Counts I-III), fraud during the mortgage lending process in violation of Mass. Gen. Laws ch. 266, § 35A (Counts IV-VII), intentional misrepresentation (Counts VIII-XI) and negligent misrepresentation (Counts XII-XV). On that same day, plaintiffs also filed an ex parte motion for a temporary restraining order ("TRO") which was denied "upon finding no reasonable likelihood of success upon the merits of plaintiffs' claims".

The following day, the Massachusetts Supreme Judicial Court issued its decision in U.S. Bank Nat'l Assoc. v. Ibanez, 941 N.E.2d 40 (Mass. 2011), and for unknown reasons, defendant postponed the foreclosure until January 21, 2011. In light of the Ibanez decision, plaintiffs again moved for a TRO, contending that GMAC had not proven the assignment was valid.

Despite notice, GMAC failed to appear at the hearing held January 18, 2011, at which the state court noted that it "would not undo or redo" the denial of the TRO but would address plaintiffs' motion to the extent it was based on the Ibanez

decision. The state court issued a preliminary injunction to enjoin foreclosure "unless and until GMAC Mortgage, LLC is the holder of the mortgage on the property at the time of the foreclosure".

Shortly thereafter, defendant removed the case to this Court on the basis of diversity jurisdiction and moved to dismiss the Complaint and dissolve the preliminary injunction issued by the state court. Plaintiffs moved to remand the case to state court on the ground that the amount in controversy is less than $75,000. The motions are pending before this Court.

## II. Legal Analysis

Because the Court need not reach the motions to dismiss or to dissolve the injunction if it determines that the motion to remand to state court should be allowed, the Court first considers the motion to remand.

### A. Motion to Remand

#### 1. Legal Standard

Pursuant to 28 U.S.C. § 1446(b), a defendant may remove a case to federal court within thirty days after the receipt of the initial pleading or service of summons. If at any time before final judgment it appears that the Court lacks subject matter jurisdiction, the case shall be remanded to the state court. 28 U.S.C. § 1447(c). The Court has jurisdiction of all civil actions where the matter in controversy "exceeds the sum or value

of $75,000, exclusive of interest and costs" and is between citizens of different states.  28 U.S.C. § 1332.

### 2. Application

The parties are citizens of different states because the plaintiffs are Massachusetts residents while defendant is a Delaware limited liability company with a principal place of business in Pennsylvania.

The parties disagree as to whether the amount-in-controversy requirement under 28 U.S.C. § 1332 has been met.  Plaintiffs contend that they seek specific performance, rather than monetary damages, and thus the amount-in-controversy is less than $75,000 and remand is required.  By contrast, defendant asserts that the amount-in-controversy in an action for specific performance is measured by the pecuniary value of the object sought in the litigation.  In this case, defendant contends the object is a claimed entitlement to a permanent loan modification which would effectively reduce plaintiffs' debt by approximately $124,500.

Where the plaintiff seeks equitable relief, the amount-in-controversy is "measured by the value of the object of the litigation."  Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977).  The value is measured by "the judgment's pecuniary consequences to those involved in the litigation". Richard C. Young & Co. v. Leventhal, 389 F.3d 1, 3 (1st Cir. 2004) (citations omitted).  Because the value of the object of

the litigation here is entitlement to a permanent loan modification that would decrease plaintiffs' debt by approximately $124,500, the Court concludes that the amount-in-controversy requirement is satisfied for the purpose of diversity jurisdiction under 28 U.S.C. § 1332 and thus plaintiffs' motion to remand will be denied.

**B. Motion to Dismiss**

**1. Legal Standard**

In order to survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of the Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000). Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. See Nollet, 83 F. Supp. 2d

at 208.

Although a court must accept as true all of the factual allegations contained in a complaint, that doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Threadbare recitals of the legal elements, supported by mere conclusory statements, do not suffice to state a cause of action. Id. Accordingly, a complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct. Id. at 1950.

   **2.   Application**

       **a.   Breach of contract (Counts I-III)**

If a contract is unambiguous, its interpretation is a question of law. See, e.g., Seaco Ins. Co. v. Barbosa, 761 N.E.2d 946, 951 (Mass. 2002). If, however, the contract has terms that are ambiguous, uncertain or equivocal in meaning, the intent of the parties is a question of fact to be determined at trial. Id.

Plaintiffs first allege that GMAC breached the January, 2010 oral modification agreement by concluding that the plaintiffs had insufficient income and ultimately denying a permanent loan modification (Count I). The January 30, 2010 letter regarding the oral loan modification states:

> During your trial payment period, I will continue to work with the Lender to permanently modify your loan.

The letter unambiguously indicates that no permanent modification agreement had been reached yet. GMAC, therefore, did not breach the January, 2010 agreement by subsequently determining that the plaintiffs were not eligible for a permanent modification. Count I will, therefore, be dismissed.

Plaintiffs further allege that GMAC breached a June, 2010 Repayment Agreement by "unilaterally and maliciously placing unreasonable time constraints" on the plaintiffs to return the executed documents and stating that GMAC had not received the documents (Count II). The Repayment Agreement states:

> Once all scheduled payments have been received, your situation will be reviewed to determine the best option for resolving the remaining delinquency.

It is evident that, pursuant to the Repayment Agreement, no permanent modification agreement had been reached yet because further review to determine the remaining delinquency would be performed. GMAC did not breach the Repayment Agreement by subsequently determining that the plaintiffs were not eligible for a permanent modification or by ultimately offering a loan modification subject to certain conditions. It is unclear how GMAC's statement that it had not received the permanent loan modification document could constitute a breach of the June, 2010 Repayment Agreement. Count II will, therefore, be dismissed.

Finally, plaintiffs allege that GMAC breached an October, 2010 contract by likewise imposing an unreasonable time

constraint and stating that GMAC had not received the documents (Count III). An offeror may impose a deadline for acceptance of an offer and indeed, an offeree's power of acceptance "vanishes at the time specified in the offer". Mathewson Corp. v. Allied Marine Industries, Inc., 827 F.2d 850, 853 (1st Cir. 1987). GMAC offered a permanent loan modification in an October 6, 2010 letter which stated:

> The contribution and executed loan modification documents are due back by October 13, 2010.

The offer, thus, was deemed withdrawn if not accepted by the deadline and the plaintiffs' power of acceptance vanished at the time specified. The October, 2010 permanent loan modification could not, therefore, have been accepted by the subsequent execution of documents by the plaintiffs and there was no contract for GMAC to breach. Moreover, it is unclear how GMAC's statement that it had not received the permanent loan modification document could constitute a breach of an agreement that had never been formed. Count III will, therefore, be dismissed.

### b. Mass. Gen. Laws ch. 266, § 35A (Counts IV-VII)

Plaintiffs allege in Counts IV-VII that GMAC violated Mass. Gen. Laws ch. 266, § 35A by making materially false statements in connection with the plaintiffs' loan modification request.

Pursuant to Mass. Gen. Laws ch. 266, § 35A(b):

> Whoever intentionally: (1) makes or causes to be made any material statement that is false or any statement that contains a material omission, knowing the same to be false or to contain a material omission, during or in connection with the mortgage lending process, with the intent that such statement be relied upon by a mortgage lender, borrower or any other party to the mortgage lending process . . . shall be punished by imprisonment [and/or a fine].

The statute provides for criminal penalties only. Id. Although other sections of the Mass. Gen. Laws provide an individual borrower with a private cause of action, e.g. Mass. Gen. Laws ch. 140D, the statute cited by plaintiffs in this action does not provide an individual borrower with a private cause of action or even refer to a civil suit for a violation of that section. Counts IV-VII will, therefore, be dismissed.

### c. Intentional and negligent misrepresentation (Counts VIII-XV)

Plaintiffs allege intentional misrepresentation (Counts VIII-XI) and negligent misrepresentation (Counts XII-XV) with respect to statements made by GMAC in connection with the plaintiffs' loan modification request.

To prevail on a claim for misrepresentation under Massachusetts law, a plaintiff must allege and prove that the defendant made a false representation of a material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon and that plaintiff reasonably relief upon the representation to his or her detriment. See, e.g., Int'l Floor Crafts, Inc. v. Adams, 477 F. Supp. 2d 336, 341 (D.

Mass. 2007) (citations omitted); Masingill v. EMC Corp., 870 N.E.2d 81, 88 (Mass. 2007) (citations omitted). A claim of misrepresentation requires the plaintiff to plead reliance with particularity pursuant to Fed. R. Civ. P. 9(b). See id.; Sebago, Inc. v. Beazer E., Inc., 18 F. Supp. 2d 70, 95 (D. Mass. 1998) (citations omitted).

Counts VIII, XI, XII and XV are based on statements made by GMAC in letters dated June 9, 2010 and November 1, 2010 that the plaintiffs' request for a loan modification had been denied. Because the Alibertis claim that the loan modification should have been allowed, it is unclear how they could have relied on statements made by GMAC that denied the modification request. Similarly, it is unclear how the plaintiffs could have relied on the October 13, 2010 deadline set by GMAC in its correspondence, the purported misrepresentation on which Counts IX and XIII are premised. Plaintiffs do not allege how they reasonably relied on those statements.

Counts X and XIV are based on the statement made on the phone by the GMAC representative to the Alibertis. An offeree's power of acceptance "vanishes at the time specified in the offer". Mathewson, 827 F.2d at 853. The loan modification paperwork explicitly stated the October 13, 2010 deadline and the phone call took place five days after that deadline had passed. It was unreasonable to rely on the representative's statement

-11-

because the plaintiffs' power of acceptance had already vanished.

Counts VII-XV will, therefore, be dismissed for failure to plead with particularity the reasonable reliance element of each misrepresentation claim.

In sum, the defendant's motion to dismiss will be allowed with respect to all counts of the Complaint. To the extent plaintiffs' opposition may be construed as a motion for leave to file a motion to amend, any amendment would be futile and will, therefore, be denied.

    **C.**    **Motion to Dissolve Injunction**

Because the defendant's motion to dismiss will be allowed, the preliminary injunction would ordinarily be lifted as a matter of course. Here, however, the procedural posture of the case in the state court led to the issuance of a preliminary injunction based not on the merits of the case but rather solely on the recent Ibanez decision. The state court's January 18, 2011 Order enjoined the foreclosure "unless and until GMAC Mortgage, LLC is the holder of the mortgage on the property at the time of the foreclosure". This Court, therefore, examines whether GMAC is the holder of the mortgage on the Property such that it has standing to foreclose.

On June 29, 2006, the plaintiffs executed a mortgage on the Property to secure the loans from MLN. The mortgage identifies Mortgage Electronic Registration Systems, Inc. ("MERS") as the

mortgagee and nominee for MLN. Under the terms of the mortgage, the plaintiffs agreed to

> mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with power of sale [the Property].

The mortgage was recorded in the Essex County (Northern District) Registry of Deeds. On September 25, 2009, MERS assigned the mortgage on the Property to GMAC ("the Assignment"). The Assignment was recorded in the same registry of deeds on October 26, 2009.

The parties agree that MERS assigned the mortgage to GMAC. Plaintiffs' sole contentions are that 1) GMAC must also hold the note in order to foreclose and 2) the assignment "may be invalid" due to a conflict of interest because it was executed by Jeffrey Stephan ("Stephan"), Vice President of MERS and GMAC employee.

A mortgagee can foreclose on a property by exercise of the statutory power of sale if such a power is granted by the mortgage itself. Ibanez, 941 N.E.2d at 49. The foreclosing entity must hold the mortgage at the time of the notice and sale in order to have the authority to foreclose under the power of sale. Id. at 53. In this case, the mortgage executed by the Alibertis explicitly granted the statutory power of sale to MERS and its successors and assigns. MERS assigned the mortgage to GMAC which now holds the mortgage and has the authority to foreclose under the statutory power of sale. See id. Plaintiffs

incorrectly assert that the mortgagee must also hold the note in order to foreclose.  See Valerio v. U.S. Bank, N.A., 716 F. Supp. 2d 124, 128 (D. Mass. 2010) (noting statute governing statutory power of sale is addressed to mortgagees rather than note holders).

Plaintiffs argue that their "preliminary investigation [] conducted in an informal setting [raises] serious questions about the legitimacy" of the Assignment.  Plaintiffs contend that the Assignment is invalid because Stephan, who executed the Assignment, is both a Vice President of MERS and GMAC employee. Through formal corporate resolutions, MERS typically authorizes employees of MERS member firms to execute assignments on its behalf.  Kiah v. Aurora Loan Servs., LLC, 2011 WL 841282, *1 n.1 (D. Mass. March 4, 2011) (citation omitted).  Pursuant to Mass. Gen. Laws ch. 183, § 54B, an assignment executed before a notary public by a person purporting to hold the position of vice president of the entity holding such mortgage shall be binding upon such entity.  Id. at *7.  It is undisputed that Stephan purported to be a Vice President of MERS at the time of the assignment and was named as a Certifying Officer in a Corporate Resolution from the Board of Directors of MERS.  Moreover, the assignment was executed before a notary public.  Thus, it is clear that the assignment is binding.  See id. (finding assignment binding under similar circumstances).

In sum, GMAC is the mortgagee of the mortgage executed by the Alibertis and has standing to foreclose upon the Property. The preliminary injunction will be dissolved.

**ORDER**

In accordance with the foregoing,

1) plaintiffs' motion to remand (Docket No. 7) is **DENIED**;

2) defendant's motion to dismiss (Docket No. 3) is **ALLOWED**; and

3) defendant's motion to dissolve the injunction (Docket No. 5) is **ALLOWED**.

**So ordered.**

                                        /s/ Nathaniel M. Gorton  
                                        Nathaniel M. Gorton  
                                        United States District Judge

Dated April 28, 2011